Joseph E. Pelochino, CA Bar No. 224378
joseph.pelochino@ogletree.com
Michele J. Bongiovanni CA Bar No. 309884
michele.bongiovanni@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA  92122
Telephone:  858-652-3100
Facsimile:   858-652-3101

Attorneys for Defendant ENSIGN-BICKFORD
AEROSPACE & DEFENSE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE N. GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ENSIGN-BICKFORD AEROSPACE & DEFENSE COMPANY, a Connecticut corporation; and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT ENSIGN-BICKFORD AEROSPACE & DEFENSE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441(B), AND 1446**<br><br>[*Filed concurrently with Civil Cover Sheet; Declaration of Michele J. Bongiovanni; Corporate Disclosure Statement and Certification of Interested Parties*]<br><br>Action Filed:      November 6, 2025 |

DEFENDANT ENSIGN-BICKFORD AEROSPACE & DEFENSE COMPANY'S NOTICE OF REMOVAL OF
CIVIL ACTION TO UNITED STATES DISTRICT COURT

**TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant ENSIGN-BICKFORD AEROSPACE & DEFENSE COMPANY ("Defendant" or "Ensign-Bickford Aerospace & Defense Company"), a citizen of the State of Connecticut, hereby removes the above-captioned action from the Superior Court of the State of California, County of Ventura, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## I.  INTRODUCTION

1. On or about November 6, 2025, Plaintiff Jose N. Garcia ("Plaintiff") filed a Complaint for Damages ("Complaint") in the Superior Court of the State of California, County of Ventura, Case No. 2025CUWT053870 ("State Court Action"). The case is assigned to the Honorable Judge Carla J. Ortega, Department 41. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as **Exhibit A**.

2. Plaintiff's Complaint alleges six causes of action against Defendant: (1) Discrimination in Violation of California Government Code §§ 12940 et seq.; (2) Retaliation in Violation of California Government Code §§ 12940 et seq.; (3) Failure to Prevent Discrimination and Retaliation in Violation of California Government Code § 12940(k); (4) Failure to Provide Reasonable Accommodations in Violation of California Government Code §§ 12940 et seq.; (5) Failure to Engage in a Good Faith Interactive Process in Violation of California Government Code §§ 12940 et seq.; and (6) Wrongful Termination in Violation of Public Policy. *Id*.

3. On January 30, 2026, Defendant was served with a copy of the Summons and Complaint through service on its registered agent, CT Corporation System. *Id*.

4. On January 30, 2026, Defendant was served with a copy of Plaintiff's Statement of Damages, alleging at least $7,000,000.00 in controversy, attached hereto as **Exhibit B**.

1

5. On February 26, 2026, Defendant filed its Answer in the State Court Action, attached hereto as **Exhibit C**.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff, a citizen of the State of California, and Defendant, a citizen of the State of Connecticut, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## II.   REMOVAL IS TIMELY

7. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal to federal court within thirty (30) days after formal service of the summons and complaint. 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that Defendant's time to remove an action to federal court is triggered by formal service of the summons and complaint).

8. Defendant was served on January 30, 2026. (Exhibit A.) This Notice of Removal is timely filed on February 27, 2026, within thirty (30) days of the date of service.

## III.   BASIS FOR REMOVAL

9. United States District Courts have jurisdiction over civil actions between citizens of different States where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332 (a).

10. Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441 (a).

11. This Court has original jurisdiction over the present action as it is between citizens of different states and there is no dispute that the amount in controversy exceeds $75,000, exclusive of interest and costs.

/ / /

/ / /

DEFENDANT ENSIGN-BICKFORD AEROSPACE & DEFENSE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

## A.    Diversity of Citizenship

12.    For purposes of determining original jurisdiction based on diversity of citizenship, a person is a citizen of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention of remaining or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13.    Plaintiff is an individual who is, and at all relevant times was, domiciled in the County of Ventura, State of California. (Exhibit A, Complaint ¶ 2.) Accordingly, Plaintiff is a citizen of the State of California.

14.    A corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A principal place of business is the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Defendant is incorporated and maintains its principal place of business in the State of Connecticut. Accordingly, Defendant is a citizen of the State of Connecticut for purposes of diversity jurisdiction.

15.    The citizenship of defendants sued under fictitious names is not considered in determining whether diversity of citizenship exists. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered). Therefore, the citizenship of the fictitiously named defendants ("DOES 1 through 20") should not be considered in determining whether the removal of this action is proper.

## B.    Amount in Controversy

16.    Removal is proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy meets the jurisdictional threshold for removal. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

DEFENDANT ENSIGN-BICKFORD AEROSPACE & DEFENSE COMPANY'S NOTICE OF REMOVAL OF
CIVIL ACTION TO UNITED STATES DISTRICT COURT

17.   "[A]s specified in § 1446(a), a Defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).   To meet this relatively low burden regarding the amount in controversy, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated.   See *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendants' own numbers" for "purposes of analyzing the amount in controversy").

18.   Plaintiff's Complaint states a demand for judgment "in an amount no less than $250,000.00 according to proof." (Exhibit A, Prayer for Relief.)

19.   Plaintiff's Statement of Damages specifies the following damages sought: General Damages in excess of $1,000,000.00; Special Damages in excess of $1,000,000.00; and Punitive Damages in Excess of $5,000,000.00. (Exhibit B, Statement of Damages.)

20.   In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1031-35 (N.D. Cal. 2002).

21.   Emotional distress damages in employment discrimination actions are often sufficient, in and of themselves, to satisfy the amount in controversy requirement. *See Iwekaogwu v. City of Los Angeles*, 75 Cal.App.4th 803 (1999) (upholding $450,000 emotional distress award in a single-plaintiff employment discrimination case); *Anderson v. American Airlines*, 352 Fed. Appx. 182, 183 (9th Cir. 2009) (upholding award of emotional distress damages for $1,000,000 in single-plaintiff employment

4

discrimination case); and *Faye v. Los Angeles Unified Sch. Dist.* (Los Angeles County Superior Court March 20, 2024) 2024 WL 3339535 ($750,000 for past loss of enjoyment of life, mental suffering, and emotional distress where employee was terminated based on his disability).

22.     Plaintiff is also seeking attorney's fees. The measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002). "Several courts in this district, including this Court, have taken this approach and determined that a reasonable, conservative estimate for attorneys' fees in a wrongful termination case is to multiply an average rate of $300 with an estimated 100 hours of work" *Aguilar v. Wells Fargo Bank, N.A.,* 2015 WL 6755199, *7 (C.D. Cal. Nov. 4, 2015). Based on these figures, it is reasonable to conclude that at least $30,000 in attorneys' fees are in controversy here.

23.     Based on Plaintiff's Prayer for Relief, Statement of Damages and relevant precedent, the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interests and costs.

## IV.   VENUE

24.     Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441 (a). Removal to this Court is proper as this action was originally filed in the Superior Court of the State of California, County of Ventura, which is located within the Central District of California.

## V.   CONSENT OF ALL DEFENDANTS

25.     All defendants who have been properly joined and served consent to this removal. Defendant Ensign-Bickford Aerospace & Defense Company is the only

properly joined and served defendant in this action. The fictitiously named DOES 1 through 20 defendants have not been identified, joined, or served. Accordingly, the consent of only Defendant Ensign – Bickford Aerospace & Defense Company is required, and such consent is evidenced by the filing of this Notice of Removal.

## VI.    SATISFACTION OF 28 U.S.C. § 1446 REQUIREMENTS

26.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as **Exhibits A, B and C**.

27.    Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal was filed within 30 days after Defendant was served with Plaintiff's Complaint.

28.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of California, County of Ventura, and served upon Plaintiff through his attorneys of record.

## VII.    CONCLUSION

29.    This civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

30.    Defendant Ensign-Bickford Aerospace & Defense Company respectfully requests that this Court accept removal of this action from the Superior Court of the State of California, County of Ventura, and that this Court retain jurisdiction over this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT ENSIGN-BICKFORD AEROSPACE & DEFENSE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

31.    In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: February 27, 2026                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ *Michele J. Bongiovanni*
       Joseph E. Pelochino
       Michele J. Bongiovanni
       Attorneys for Defendant ENSIGN-BICKFORD AEROSPACE & DEFENSE COMPANY

DEFENDANT ENSIGN-BICKFORD AEROSPACE & DEFENSE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT